IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:25-CV-00569-JMR-KK

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.

SOUTH VALLEY CARE CENTER, LLC.

     Defendant.

---

## CONSENT DECREE

---

## I.  RECITALS

**1.** This matter was instituted by Plaintiff Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging Defendant South Valley Care Center, LLC ("South Valley" or "Defendant"), violated the Age Discrimination in Employment Act ("ADEA") when it subjected Charging Parties Maria Nevarez and Maria Perez and a class of aggrieved individuals to harassment, disparate treatment based on different terms and conditions of employment, and unlawful discharge because of their age (over 40). The EEOC also alleged South Valley violated the ADEA and Title VII of the Civil Rights Act of 1964 ("Title VII") by retaliating against the Charging Parties and a class of aggrieved individuals because they opposed unlawful employment practices under the ADEA and Title VII.

1

2.    The Parties to this Decree are the Plaintiff EEOC and the Defendant South Valley Care Center.

3.    The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree this Court has jurisdiction over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.    As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.    The Parties acknowledge that the settlement amount agreed to herein constitutes a debt owed and collectible by the United States.

6.    For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.    JURISDICTION

7.    The Parties acknowledge and agree that the Court has jurisdiction over the Parties and the subject matter of this action.

## III.    TERM AND SCOPE

8.    **Term:** The duration of this Consent Decree shall be three (3) years from the date this Consent Decree is entered by the Court. However, the Parties agree that the training requirements in Section VII(C) will terminate after two (2) years from the date this Consent Decree is entered if there are no new discrimination charges filed against the Defendant with the EEOC within the first 2 years of this Consent Decree.

**9.**      **Scope:** The terms of this Decree shall apply to Defendant's long-term care facility located in Albuquerque, New Mexico.

## IV.      ISSUES RESOLVED

**10.**      This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all the Commission's claims of unlawful employment practices under the ADEA and Title VII that arise from Charge of Discrimination Numbers 543-2023-00654 and 543-2023-00656 filed by Maria Nevarez and Maria Perez.

**11.**      Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

## V.      MONETARY RELIEF

**12.**      Judgment is hereby entered in favor of the Commission and against Defendant in the amount of $75,000 to compensate the Charging Parties for backpay, interest, and compensatory damages, but excluding Defendant's share of payroll taxes due on wages paid. Defendant retains liability for the employer's share of payroll taxes due on any portion of the settlement amount. Defendant shall issue an IRS Form W-2 to the Charging Parties for backpay, and the Charging Parties shall be responsible for any taxes due for the compensatory damages paid to them as part of this Consent Decree.

### B.      *Payment by Defendant*

**13.**      Defendant will not condition the receipt of individual relief upon the Charging Parties' agreement to: (a) maintain as confidential the terms of this Decree or the facts

3

of the case; (b) waive their statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of South Valley's facilities.

14.     To resolve these claims, Defendant shall pay a total of $75,000 to be apportioned among the Charging Parties in amounts to be determined by the EEOC in its sole discretion.

15.     All costs associated with the distribution of settlement funds to the Charging Parties shall be paid by Defendant.

16.     The payments required under this Decree shall be sent to the payees within ten (10) days from the date Defendant receives the EEOC's Distribution List providing payment amounts for the Charging Parties. The payments required under this Decree will be sent by wire transfer or other secure, reliable, and documented form of electronic transfer, or at the payee's election, by mailing checks using trackable means (i.e., by reliable carrier with an individual tracking number). The means of delivering payment for each Charging Party will be identified on the Distribution List provided by the EEOC, along with account information and/or addresses for delivering payment.

17.     Within three (3) business days after payments are made to payees, Defendant shall submit to EEOC proof that the payments were made. If any portion of the monetary relief due to the Charging Parties is not issued or mailed to the Charging Parties within ten (10) days from the date Defendant receives the EEOC's distribution list, then for each day beyond the tenth day that such portion remains unpaid,

4

Defendant shall pay to the Charging Parties, in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the unpaid amount.

### C.    Taxation of Awards

18.    Defendant shall be responsible for preparing and filing all appropriate tax filings and reports, including, but not necessarily limited to W-2 and 1099 forms for the Charging Parties for payments to them from the settlement amount on or before January 31, 2027.

19.    Defendant shall be responsible for reporting and remitting to the appropriate taxing authorities the employer's share of taxes or contributions.

## VI.    OTHER INDIVIDUAL RELIEF

20.    Defendant shall expunge from Charging Parties' personnel files: (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to Charging Parties' participation in this action.

21.    Defendant will provide a neutral letter of reference in the form attached as Exhibit A.

22.    Within ten (10) calendar days after entry of this Decree, Defendant shall provide a letter of apology to the Charging Parties on company letterhead in the form attached as Exhibit B.

## VII.    EQUITABLE RELIEF

### A.    *Injunctive Relief*

**23.**    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice that discriminates on the basis of age, including but not limited to harassment because of age, different terms and conditions because of age, and discharges because of age.

**24.**    Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against individuals who participated in this action, or were identified as witnesses in this action, or assisted in the investigation giving rise to this action, or otherwise cooperated with the EEOC in its investigation and/or litigation of this matter and against any individual who opposed what they reasonably believed was age and/ or national origin discrimination.

### B.    *EEO Policy Review and Outside Consultant*

**25.**    ***Outside Consultant:*** Within sixty (60) calendar days of the entry of this Decree, Defendant shall engage, at its sole expense, an Outside Consultant (i.e., one who has no current or previous affiliation with Defendant), with substantial expertise in equal employment opportunity (EEO) laws to assist Defendant with the review, revision, and expansion of its EEO policies, including its harassment and discrimination complaint reporting, investigation, monitoring practices and procedures, in order to ensure full compliance with the statutes enforced by EEOC. Within sixty-five (65) calendar days

after entry of the Decree, Defendant shall provide the EEOC with the full name, contact information, resume, and copy of the agreement for services for the individual selected as the Outside Consultant.

26.    Within ninety (90) calendar days after entry of the Decree, in collaboration with the Outside Consultant, Defendant will review, revise, and expand its EEO policies, practices, and procedures to ensure they comply with all the requirements of the ADEA and Title VII.

27.    The English and Spanish written EEO policies must include at a minimum:

27.1.  A strong and clear commitment to preventing unlawful age discrimination and retaliation;

27.2.  A clear and complete definition of disparate treatment based on age and retaliation;

27.3.  A statement that discrimination based on age or retaliation is prohibited and will not be tolerated;

27.4.  A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

27.5.  The identification of specific avenues for reporting allegations of discrimination and/or retaliation, including identification of specific individuals or job titles, with telephone numbers and email addresses, to whom employees can report any concerns they have about discrimination, harassment, and/or retaliation;

**27.6.** A clear explanation of the steps for an employee to report alleged discrimination or retaliation, which steps must include the option to report orally or in writing;

**27.7.** An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**27.8.** An assurance that appropriate corrective action will be taken by Defendant;

**27.9.** A description of the consequences, up to and including discharge, that will be imposed upon violators of Defendant's anti-discrimination policies;

**27.10.** A promise of maximum feasible confidentiality for persons who report alleged discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

**27.11.** An assurance of non-retaliation for persons who report alleged discrimination, harassment, and/or retaliation, and for individuals who participate in investigation(s) of such alleged discrimination, harassment, and/or retaliation (e.g. providing testimony or other assistance).

**C.    *Training***

**28.**    At least annually, Defendant shall provide EEO training for all its employees.

8

29.    Under this Training provision (Section VII.C), employees will be trained at a minimum in the following areas: (a) Defendant's policy and procedures for reporting alleged discrimination and harassment; (b) understanding the kind of conduct which may constitute unlawful discrimination and harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendant's non-retaliation policy.

30.    All training under this Training provision (Section VII.C.) shall be at Defendant's selection and expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing, unless expressly specified in Paragraphs 31.1-31.5 below.

31.    The training will be conducted as follows:

31.1.  **Non-managerial Employees:** During each year of this Decree, Defendant will provide non-managerial employees at least two (2) hours of EEO training. The trainings may be completed in smaller time segments of thirty (30) minutes during regularly scheduled weekly/monthly staff meetings as long as the total annual training time is at least two (2) hours. The training sessions will provide an overview of the ADEA and Title VII and other anti-discrimination laws enforced by the EEOC and anti-retaliation provisions in those laws. Attendance will be mandatory for every employee on the days of such training. Employees who miss two or more training sessions must attend a makeup session. The training will focus on age discrimination and retaliation. Additionally, any individual who is charged with conducting training under this Paragraph must first be trained under Paragraph 31.4 below.

**31.2.  Managerial and Supervisory Employees**: Defendant will require all individuals who work in a managerial or supervisory capacity, including all Directors who have hiring authority, to receive at least eight (8) hours of training annually regarding the ADEA and Title VII and other federal anti-discrimination laws. Four (4) of the eight (8) hours must directly address age discrimination and retaliation, and two (2) of the eight (8) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite two (2) hours of complaint-handling training and two (2) hours of age and retaliation-related training within twenty (20) days of being hired or promoted. The training under this Paragraph 31.2 must be provided by outside vendors.

**31.3.  Human Resource Employees:** Defendant will require all individuals who work in a human resource capacity to receive at least ten (10) hours of training annually regarding the ADEA and Title VII and other federal anti-discrimination laws. Four (4) of the ten (10) hours must directly address age discrimination and retaliation, and at least three (3) hours of the ten (10) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences

10

and result of the investigation where discrimination is found. Additionally, Defendant will require employees who are newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within thirty (30) days of being hired or promoted into a human resource position. The training under this Paragraph 31.3 must be provided by outside vendors.

**31.4. Train the Trainers:** Any manager or human-resources employee with responsibility for training other employees under Paragraph 31.1 above will be provided three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials. The training under this Paragraph 31.4 must be provided by outside vendors who have no prior association with Defendant.

**31.5. Training on Investigative Techniques:** All employees with responsibility for responding to or investigating complaints of discrimination, shall be provided five (5) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law. The training under this Paragraph 31.5 must be provided by outside vendors who have no prior association with Defendant.

32.    The first such training session for each employee group identified in Paragraph 31 above will take place within sixty (60) calendar days after the Court's entry of this

Decree. All of Defendant's personnel shall both register and attend the training sessions.

33.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all the sessions. Defendant shall provide the Commission with thirty (30) days' notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### D.     Notice Posting

34.     Within thirty (30) calendar days after completion of the policy review required under Paragraphs 25-27 above, the written EEO policies shall be posted in a prominent location where other required postings are located at Defendant's facility in Albuquerque, New Mexico, and posted to Defendant's company-wide intranet, and distributed to each current employee. The written EEO policies shall be distributed to all new employees when hired.

35.     Within five (5) business days after the Court's entry of this Decree, Defendant shall post in its facility in a conspicuous place where employee notices are posted, the Notice attached as Exhibit C to this Decree. The Notice shall be the same type and style as set forth in Exhibit C but enlarged to at least 11 inches by 14 inches. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in

12

writing, within ten (10) calendar days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### E.    *Individual Ineligible for Rehire*

36.    Defendant agrees that it shall never rehire Leonarda (Leona) Valencia at any of its facilities. To assure that Leonarda Valencia is never rehired by Defendant, Defendant will place a document on the top of Leonarda Valencia's personnel file that reads in bold, "Not Eligible for Rehire at any facility." If Defendant maintains any computerized personnel file for Leonarda Valencia, such computerized file must also be annotated to reflect that she is not eligible for rehire. Within thirty (30) calendar days of entry of this Decree, Defendant shall provide certification of Leonarda Valencia's ineligibility for rehire status in Defendant's personnel records.

### VIII.  RECORDKEEPING AND REPORTING PROVISIONS

37.    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**37.1.**  Personnel files; and

**37.2.**  Complaints of discrimination, harassment, and retaliation and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

13

**38.** Defendant shall provide annual reports for each twelve-month period following the entry of this Decree. The first report shall be due 120 days after entry of this Decree. The reports shall be due thirty (30) calendar days following the respective reporting period, except the final report which shall be submitted to the Commission eight (8) weeks prior to the date on which the Consent Decree is to expire.

**39.** **Reporting Requirements:** Each report shall provide the following information:

   **39.1. Reports of Discrimination**

   **39.1.1.** For purposes of this Paragraph 42, the term "report of discrimination" will include any written or oral complaint or report of alleged age harassment or discrimination, where the complaint or report is made to a manager, or a manager is aware or the complaint or report. The complainant need not invoke terms such as "discrimination," "ADEA," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.

   **39.1.2.** The report will include:

   a. The name, address, email address, and telephone number of each person making a complaint or report of age harassment or discrimination to Defendant or to any federal, state, or local government agency;

   b. The name, address, email address, and telephone number of each

14

person identified as a potential witness to the incident of alleged harassment or discrimination;

c.    A brief summary of each complaint or report, including the date of the complaint or report, the name of the individual(s) who allegedly engaged in discriminatory conduct, the Defendant's investigation and response to the complaint or report, the name of the person who investigated or responded to the complaint or report, and what, if any resolution was reached; and

d.    Copies of all documents memorializing or referring to the complaint/report, the investigation, and resolution thereof.

## 39.2.  Complaints of Retaliation

**39.2.1.**  For purposes of this Paragraph, the term "complaint of retaliation" will include any written or oral complaint that alleges retaliation for activity protected under Title VII and the ADEA or alleges retaliation for conduct the Defendant recognizes or should have recognized as protected activity under Title VII and the ADEA even if the complainant does not use legal or technical terminology.

**39.2.2.**  The report shall include:

a.    The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

b.    The name, address, email address, and telephone number of each

15

person identified as a potential witness to the incident of alleged retaliation;

c.    A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.    Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

### 39.3. Training

**39.3.1.**    For each training program required under Paragraphs 31.1 and conducted during the reporting period, Defendant shall submit a registry of attendance.

**39.3.2.**    For each training program required under Paragraphs 31.2 and 31.3 and completed during the reporting period, Defendant shall provide a certificate of completion.

**39.3.3.**    For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; and (c) the name of each trainer and a summary of their qualifications.

**39.3.4.**    For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify

16

the consultant and/or vendor and provide a copy of the program agenda.

**39.4.  Notice Posting**:  Defendant shall recertify to the Commission that the Notice required to be posted under Section VII.D. of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**39.5.  Policy Review**:  Defendant shall report on the status of the EEO policy review and distribution process required under Paragraphs 25-27 above.

**39.6.  Individual Relief:**  Defendant shall report on the status of the issuance of the letter of reference and the Letter of Apology as required by Paragraphs 21 and 22 above.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**40.**    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**41.**    There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**42.**    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

17

**43.**     Absent extension, this Decree shall expire by its own terms at the end of the 60th month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**44.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts that do not arise out of the claims asserted in this lawsuit and made unlawful by one or more of the statutes over which the EEOC has enforcement authority.

## XI.  COSTS AND ATTORNEY'S FEES

**45.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. EEOC TAX REPORTING REQUIREMENTS

**46.**     The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that the EEOC will provide to the IRS. The EEOC has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the 1098-F Form by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties

18

are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code. Defendant is providing no representations regarding tax obligations or consequences that may arise from this Consent Decree.

47.    Defendant's EIN is: 204998095.

48.    The individuals to whom the EEOC should send a copy of the form 1098-F, if the EEOC is required to issue one, is: Darlyne Hawkins, Accounting Consultant at dhawkins@southvalleycare.com.

## XIII. MISCELLANEOUS PROVISIONS

49.    The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or transfer, and only during the term of the Decree as defined in Paragraph 8, of any sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

50.    When the Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer or management employee's knowledge, information, and belief.

51.    Upon request by the EEOC, with at least five business (5) days' notice, Defendant shall require its employees to cooperate with and be interviewed by the EEOC for purposes of verifying compliance with this Decree

19

## XIII.  NOTICE

52.     Unless otherwise indicated, any notice, report, or communication required under

the provisions of this Decree shall be sent by email or by certified mail, postage prepaid,

as follows:

Lucia Moran
EEOC Albuquerque Area Office
500 Gold Avenue S.W., Suite 6401
Albuquerque, NM 87103
lucia.moran@eeoc.gov

Dee Gipson
South Valley Care Center LLC
1629 Bowe Ln SW,
Albuquerque, NM 87105

## XIII.  SIGNATURES

53.     The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this 27th day ofFebruary, 2026.

BY THE COURT:

JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

20

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
By: _*MARY ONEILL*_

Catherine L. Eschbach, Acting General
Counsel
Christopher Lage, Deputy General
Counsel
Gwendolyn Young Reams, Associate
General Counsel
131 M Street, N.E.
Washington, D.C. 20507

Mary Jo O'Neill, Regional Attorney
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012
Date: 2/24/26

SOUTH VALLEY CARE CENTER, LLC

By: _Dee Gipson_
Dee Gipson
Administrator
South Valley Care Center LLC
Date: 2/23/2026

APPROVED AS TO FORM:

_Lucia Moran_

Lucia Moran
Jeff Lee
EEOC Albuquerque Area Office
500 Gold Avenue S.W., Suite 6401
Albuquerque, NM 87103
Attorneys for Plaintiff EEOC

Brett Danoff
1225 RIO GRANDE BLVD. NW
Albuquerque, NM 87104
Attorney for Defendant

## Exhibit A

## <u>Letter of Reference on Company Letterhead</u>

To Whom It May Concern:

It is my pleasure to recommend [Charging Party] for employment with your organization. [Charging Party] worked at South Valley Care Center as a laundry aide from [date] to [date]. Throughout her employment with South Valley, [Charging Party] was a valued employee.

Sincerely,

_____
NAME
SOUTH VALLEY CARE CENTER, LLC.

## Attachment B

### Letter on Corporate Letterhead

RE: EEOC v. South Valley Care Center, LLC.
Case No. 1:25-cv-00569-JMR-KK
U.S. District Court for New Mexico

Dear [Charging Party]:

On behalf of South Valley Care Center, LLC., we recognize that your experience during your employment led you to feel dissatisfied and concerned about you how were treated. We regret that your experience with South Valley was not a positive one and caused you distress. South Valley's intent has always been to conduct its business in a way that is fair, professional, and consistent with equal employment opportunity principles. We take employee concerns seriously and appreciate the opportunity your feedback has given us to reflect carefully on our practices.

As part of this resolution, South Valley is taking steps to reinforce its commitment to equal employment opportunity, including training and policy reviews. We remain committed to fostering a workplace where all employees are treated with dignity and respect. We wish you the best in your future endeavors.

Sincerely,

_____
NAME
SOUTH VALLEY CARE CENTER, LLC.

23

## ATTACHMENT C

## <u>NOTICE</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. South Valley Care Center, LLC.* filed in the United States District Court for the District of New Mexico, Civil Action No. 1:25-cv-00569-JMR-KK.

Management of South Valley Care Center wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all its operation and in all areas of employment practices. South Valley Care Center seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.  This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to the Age Discrimination in Employment Act (ADEA), it is unlawful for an employer to discriminate based upon the age and national origin of an applicant or employee. Further, it is unlawful under the ADEA and Title VII of the Civil Rights Act of 1964 (Title VII) for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices; because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency; or because he or she has participated in an investigation of a charge of discrimination.

South Valley Care Center respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, South Valley Care Center reaffirms its commitment to complying with the strictures of Title VII and the ADEA and it is our policy to prohibit all discrimination based on age and retaliation.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the Albuquerque Area Office of the Equal Employment Opportunity Commission (EEOC) directly at (505) 738-6721. In compliance with federal law, no official at South Valley Care Center will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three years.


South Valley Care Center, LLC.


By:_____  _____

Date

24